IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEN YOUNG,                                                    Civ. No. 06-1823-AA

        Plaintiff,                                            ORDER
   v.

CITY OR PORTLAND, et al.,

        Defendants.

Aiken, Judge:

    On December 21, 2006, plaintiff filed suit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and state law tort claims. Specifically, plaintiff alleges that two unidentified City of Portland police officers used excessive force against him when encountering plaintiff at the home of a friend who had been beaten by a third party.

    On May 16, 2007, the City of Portland (City) moved for summary judgment on grounds that plaintiff failed to allege that a policy or custom of the City caused the deprivation of his constitutional

1    - ORDER

rights in order to sustain a claim under 42 U.S.C. § 1983. See Collins v. Harker Heights, 503 U.S. 115, 121-23 (1992); Monell v. Dep't of Social Servs., 436 U.S. 658, 691-92 (1978). Additionally, the City moved for summary judgment on the ground that even if plaintiff's claims were construed as state law claims for assault, battery and/or negligence, plaintiff failed to file a tort claims notice as required by the Oregon Tort Claims Act. Or. Rev. Stat. § 30.275.

Plaintiff did not respond to the City's motion within the time required by Local Rule 7.1. On July 3, 2007, the court ordered plaintiff to show cause by July 10, 2007 why the motion should not be considered without plaintiff's response. The court also advised plaintiff that failure to respond may result in the granting of the motion. To date, plaintiff has not responded to the court's order to show cause or the City's motion.

The City is correct that plaintiff does not allege that a custom or policy of the City of Portland or its police department caused the deprivation of his constitutional rights. Thus, plaintiff's Complaint must be construed as asserting state law claims of assault, battery, and negligence. The City argues that plaintiff's state law claims are barred as well, because plaintiff gave no notice of his intent to sue the City within 180 days of his alleged injury. See Or. Rev. Stat. § 30.275(1) and (2)(b); Affidavit of Mike Hefley. Given his failure to respond, plaintiff

2    - ORDER

presents no genuine issues of material fact to preclude summary judgment in favor of the City. Therefore, I find that plaintiff fails to assert a claim for municipal liability under § 1983 and that any state law claims against the City are barred for failure to give the requisite notice.

## Conclusion

Defendant City of Portland's Motion for Summary Judgment (doc. 9) is GRANTED with respect to plaintiff's claims against the City of Portland.

IT IS SO ORDERED.

Dated this  28  day of August, 2007.


                              /s/ Ann Aiken
                                Ann Aiken
                        United States District Judge

3    - ORDER